**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11cr00082-6** |
| | ) | **JUDGE TRAUGER** |
| **CHANNIN ACE RANDOLPH** | ) | |

## <u>ORDER OF FORFEITURE CONSISTING OF $750,000.00 UNITED STATES CURRENCY MONEY JUDGMENT</u>

The United States of America, pursuant to Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure has moved for an Order of Forfeiture consisting of a $750,000.00 United States currency Money Judgment as to Defendant Channin Ace Randolph. In consideration thereof the Court finds as follows.

Based on relevant and reliable evidence, including evidence already in the record, Defendant Channin Ace Randolph's agreement in his written plea petition to the entry of a $750,000.00 Money Judgment and additional evidence or information submitted by the parties, including the facts set forth at the plea colloquy on June 26, 2012, that $750,000 is the proceeds of the offense of conviction and is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the Government has established the requisite nexus between $750,000.00 United States currency and the offense of conviction.

**IT IS HEREBY ORDERED**:

1.     As the result of the Court's acceptance of the Defendant Channin Ace Randolph's guilty plea as to Count One of the Superseding Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, and additional evidence supporting the requisite nexus between the $750,000 as proceeds of his crime of conviction, Defendant Channin Ace Randolph

shall forfeit to the United States his interest in $750,000.00 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $750,000.00 United States currency is proceeds from the offense(s) of which Defendant was convicted and Defendant shall be jointly and severally liable with co-defendants who may be sentenced to forfeiture for said amount.

2.      Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

3.      Pursuant to 21 U.S.C. § 853, Defendant shall forfeit to the United States the sum of $750,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against the Defendant, and he shall be jointly and severally liable for said amount with co-defendants who may be sentenced to forfeiture. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $750,000.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

4.      Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $750,000.00 in proceeds attributable to the offenses for which Defendant has been convicted. Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction

of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule32.2(e) to amend this Order of Forfeiture consisting of a Money Judgment of $750,000.00 United States currency to include substitute property having a value not to exceed $750,000.00 United States currency to satisfy the Money Judgment in whole or in part.

5.      This Money Judgment against Defendant Channin Ace Randolph shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $750,000.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

6.      Upon the payment of the Money Judgment in full, the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

7.      This Order is in continuing and full effect until payment of the $750,000.00 is made in full.

8.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 23rd day of _____August_____, 2012.

_____
JUDGE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE