IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-cr-00082-7 |
| | ) | |
| PATRICK SMITH | ) | Judge Trauger |

**OPINION AND ORDER**

On August 28, 2013, defendant Patrick Dewayne Smith filed a Motion for a New Trial Based Upon Newly Discovered Evidence along with a supporting memorandum of law (ECF Nos. 1495 and 1496), a Motion for Discovery (ECF No. 1497), and Motion for Appointment of Counsel (ECF No. 1498). The United States has responded (ECF No. 1500), arguing that the court lacks jurisdiction to consider any of the motions, and that the motion for a new trial is without merit. The respondent's arguments are well taken, and the court finds that Smith's motions must be dismissed for lack of jurisdiction.

**I.   Background**

On November 15, 2012, a jury found defendant Smith guilty of the offense of engaging in a conspiracy to distribute or to possess with intent to distribute less than 500 grams of cocaine, 280 grams or more of crack cocaine, and less than 50 kilograms of marijuana, and guilty of conspiring to commit money laundering. (Redacted Verdict Form, ECF No. 1187.) After conducting a sentencing hearing, the court entered judgment on June 25, 2013, sentencing the Defendant to life in prison on count 1 and 240 months' prison on count 2, to run concurrently. (ECF No. 1428.) The very same day, June 25, 2013, counsel for the defendant filed a notice of appeal as to the conviction and judgment. (ECF No. 1430.) The appeal remains pending.

The defendant filed the instant motions on August 28, 2013. In the motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, the defendant argues that he is in possession of newly discovered evidence that was previously unavailable to him. (ECF No. 1496.) He also asks for counsel to assist him in the pursuit of this motion (ECF NO. 1498), and for unspecified discovery (ECF No. 1497).

As noted above, the United States responded on September 5, 2013, arguing primarily that because a notice of appeal has been filed, the court lacks jurisdiction over the defendant's motions.

**II.     Discussion**

When the defendant filed his notice of appeal on June 25, 2013, the court lost jurisdiction over matters related to the merits of the appeal. As the Sixth Circuit has stated, while nullifying a district court's order granting a defendant a new trial because the order followed a notice of appeal:

> It is indeed settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. Thus, expansion of a district court's judgment [is] not permitted while an appeal is pending. This general rule applies unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court.

*United States v. Williams*, Nos. 05–3293, 05–4160, 2006 WL 3203748, at *6 (6th Cir. Nov. 6, 2006) (alteration in original; internal quotation marks and citations omitted). *See also Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) ("'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2821, at 222 (2d ed.1995) ("If notice of appeal is given, the subsequent filing of a motion for a new trial, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court."). After the filing of a notice of appeal, the district court retains jurisdiction only to enforce the judgment or to "proceed with matters that are in aid of the appeal." *Taylor*, 680 F.3d at 616 n.8 (citations omitted).

It is clear that this court lacks jurisdiction over the defendant's present motions, because the requested relief involves matters related to the merits of the appeal. In his notice of appeal, defendant appeals "from the conviction and final judgment entered in this action" on June 25, 2013. (ECF No. 1430.) With his motion for a new trial, the defendant also challenges the conviction and judgment, and asks the court to consider alleged prosecutorial misconduct and purportedly new evidence to find that he deserves a new trial pursuant to Rule 33. A ruling on the defendant's Rule 33 motion risks alteration of the judgment and conviction in a manner "not permitted while an appeal is pending." *See Williams*, 2006 WL 3203748, at *6 (citing *Cincinnati Bronze*, 829 F.2d at 588).

Moreover, the exceptions to the general rule that the court is divested of jurisdiction upon the

filing of a notice of appeal are not applicable here. The appeal was undoubtedly timely, as it was filed the same day that judgment was entered on June 25, 2013. Second, the notice of appeal pertains to a final order that is appealable as of right. Third, the appellate court has not previously ruled upon the sentence or judgment in this case. *See Williams*, 2006 WL 3203748, at *6.

Further, even if the court were able to consider the merits of the motion for a new trial, in order to be entitled to a new trial based on newly discovered evidence, a defendant must show that the evidence in question (1) was discovered after the trial, (2) could not have been discovered earlier through due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991) (citations omitted). The evidence the defendant claims was previously unavailable to him, and that he did not discover until he was in prison and had time to "properly review" the Presentence Report ("PSR"), is that he was incarcerated from May 20, 2007 through December 3, 2007 and for most of 2008, and that the superseding indictment charged him with being part of the conspiracy from June 6, 2006 to March 17, 2011. (ECF N0. 1496, at 2–3.) Smith insists that he could not have been engaged in the conspiracy while he was incarcerated, and that he is entitled to a new trial on the basis of this "evidence." His argument fails for at least two reasons. First, notwithstanding Smith's failure to closely review the PSR (or the Superseding Indictment) until after his trial and sentencing, information regarding when he was incarcerated and the indicted crimes was clearly within the defendant's possession prior to trial. He therefore cannot establish the first and second factors necessary for showing he is entitled to a new trial based on newly discovered evidence. Second, being incarcerated would not prove that Smith was not a party to the conspiracy or that he had withdrawn from it, so the new evidence would not have been material or resulted in an acquittal. *See United States v. Robinson*, 390 F.3d 853, 882 (6th Cir. 2004) (holding that admission into evidence of statements made by co-conspirators while defendant was incarcerated was not in error, because there was no evidence the defendant had withdrawn from the conspiracy, stating: "Mere cessation of activity is not sufficient to establish withdrawal from a conspiracy, and a defendant's arrest or incarceration does not qualify as an affirmative, volitional act of withdrawal[.]" (Internal quotation marks and citations omitted)).

**III.     Conclusion**

The court **DENIES** the defendant's motion for a new trial (ECF No. 1495), motion for discovery (ECF No. 1497), and motion for appointment of counsel (ECF No. 1498) for lack of jurisdiction. The defendant is instructed that he should now bring all matters related to the merits of his appeal challenging his conviction and sentence to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge