**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11-00082 |
| | ) | Judge Trauger |
| | ) | |
| [3] FRANK DWAYNE RANDOLPH | ) | |

### MEMORANDUM and ORDER

The defendant has filed a Petition to Stay Forfeiture Pending Appeal (Docket No. 1405),

to which the government has responded in opposition (Docket No. 1422), and the defendant has

replied (Docket No. 1547). The defendant requests that the court stay forfeiture of his home in

Pulaski, Tennessee and another piece of real property located in Giles County, Tennessee.

Rule 32.2(d), FED. R. CRIM. P., provides, in part:

> If a defendant appeals from a conviction or an order of forfeiture, the court may
> stay the order of forfeiture on terms appropriate to ensure that the property
> remains available pending appellate review.

The parties are in agreement that the four factors used to determine whether a forfeiture order

should be stayed are: the likelihood of success on appeal, whether the forfeited asset is likely to

depreciate over time, the forfeited asset's intrinsic value to the defendant, and the expense of

maintaining the forfeited property. *United States v. Peters*, 784 F.Supp.2d 234, 235 (W.D. N.Y.

2011). Both properties are now fully paid for,[1] and the defendant maintains that his relatives will

be responsible for the minimal expense of maintaining the property pending appeal.

---

[1]As of June 6, 2013, one payment remained on the defendant's residence, and he
represented, at that time, that his family would make that last mortgage payment. (Docket No.
1405 at 2)

The court finds the defendant's recitation of his issues on appeal interesting and that there is some likelihood that he might prevail on one or more of his arguments. If these two properties are adequately maintained by the defendant's family, they are not likely to depreciate over time. The defendant's home certainly has intrinsic value to him, as it is his only residence. The defendant's family is willing to incur the expense of maintaining the forfeited property.

The court finds that the factors to be considered all weigh in favor of imposing a stay on the forfeiture of these two properties pending appeal, conditioned upon the defendant's family maintaining the properties and paying the property taxes. It is therefore **ORDERED** that the defendant's Petition to Stay Forfeiture Pending Appeal (Docket No. 1405) is **GRANTED**, and the final forfeiture of these two properties is **STAYED** pending a final decision on appeal of his criminal conviction.

It is so **ORDERED**.

ENTER this 30th day of October 2013.

_____
ALETA A. TRAUGER
U.S. District Judge